IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLEN PAYETTE,

                                                            ORDER

                       Plaintiff,

                                                       07-cv-242-bbc

     v.

BOB DICKMAN;
and SETH WISKOW,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Following a trial on plaintiff Allen Payette's claim that defendants Bob Dickman and Seth Wiskow were deliberately indifferent to his mental health needs in violation of the Eighth Amendment, the jury returned a verdict in favor of defendants. Plaintiff was represented at trial by Adam Walsh, but plaintiff independently filed two motions for a new trial. In an October 5, 2009 order, I granted Walsh's motion to withdraw from the case, denied plaintiff's motion for appointment of new counsel and granted plaintiff an extension of time to file his reply brief in support of his motions for a new trial. Now plaintiff has submitted his reply brief. However, I will delay ruling on plaintiff's motions for a new trial at this time until one issue is clarified and fully briefed by the parties.

1

Plaintiff alleges that defense counsel showed the jury an unredacted version of exhibit 517, which contained references to plaintiff's recent sexual assault conviction in violation of the pretrial order stating that the sexual assault conviction should be excluded. The parties focus on whether Exhibit 517 was shown to the jury via video screen during cross-examination of plaintiff, but neither side fully explains what occurred later in the proceedings, when a conference was held to decide what exhibits would be given to the jury for its deliberations. Defendants state that their counsel discovered the sexual assault references in Exhibit 517 in the process of reviewing what exhibits would be available for the jury, pointed this out to the court and plaintiff and created a redacted version of the exhibit that was allowed to go to the jury room. Defendants submitted a purported copy of this exhibit. However, neither party addresses the fact that the copy of the "redacted" version of Exhibit 517 attached to defendants' response brief contains a specific reference to plaintiff's sexual assault conviction. It appears that the jury was given a copy of Exhibit 517 that included the phrase "[plaintiff] subsequently sexually assaulted his own daughter and has been returned to prison for a significant sentence."

Because both parties neglected to address this point, I will give them an opportunity to submit supplemental briefing on the issue. Accordingly, IT IS ORDERED that defendants will have until October 26 to submit a supplemental brief. Plaintiff will have until November 6 to submit a response. Following receipt of these submissions I will address

2

plaintiff's motions for a new trial as well as the remaining outstanding motions in this case.

Entered this 16th day of October, 2009.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge